IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

                                  :

     v.                           :   Criminal Case No. DKC 17-124

                                  :

AMAD RASHAD ELEM                  :

                                  :

**MEMORANDUM OPINION**

Amad Rashad Elem is currently serving a 72-month sentence imposed in August 2016 for Possession with Intent to Distribute at Controlled Substances and Possession of a Firearm and Ammunition by a Convicted Felon.   His projected release date is August 6, 2022.  For the following reasons, the motions for compassionate release will be denied.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c) (2018).  This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence.  *See id*. § 3582(c)(1)(A).  Under the First Step Act of 2018, the compassionate release provision was modified to allow prisoners to seek a sentencing reduction directly from the court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1)  in any case—
> >
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > >
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Judge Hollander described the next step of the analysis:

> Accordingly, in order to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must demonstrate that (1) "extraordinary and compelling reasons" warrant a reduction of the sentence; (2) the

factors set forth in 18 U.S.C. § 3553(a) countenance a reduction; and (3) the sentence modification is "consistent" with the policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13.

U.S.S.G. § 1B1.13 is titled "Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A) Policy Statement." The text mirrors the statute. Application Note 1 of U.S.S.G. § 1B1.13 defines "Extraordinary and Compelling Reasons" in part as follows (emphasis added):

> 1. Extraordinary and Compelling Reasons. Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> **(I) suffering from a serious physical or medical condition**,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that **substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility** and from which he or she is not expected to recover.

Other extraordinary and compelling reasons include the age of the defendant (Application Note 1(B)) and Family Circumstances (Application Note 1(C)). Application Note 1(D) permits the court to reduce a sentence where, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 App. Note 1(D).

The BOP regulation appears at Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 2582 and 4205. The Guideline policy statement in U.S.S.G. § 1B1.13, along with the application notes, and BOP Program Statement 5050.50 define "extraordinary and compelling reasons" for compassionate release based on circumstances involving illness, declining health, age, exceptional family circumstances, as well as "other reasons."

On March 26, 2020, Attorney General William Barr issued a memorandum to Michael Carvajal, Director of the BOP, directing him to prioritize the use of home confinement for inmates at risk of complications from COVID-19. *See Hallinan v. Scarantino*, 20-HC-2088-FL, 2020 WL 3105094, at *8 (E.D.N.C. June 11, 2020). Then, on March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281. In relevant part, the CARES Act authorized the Director of BOP to extend the permissible length of home confinement, subject to a finding of an emergency by the Attorney General. *See* Pub. L. No. 116-136, § 12003(b)(2). The Attorney General issued a second memorandum to Carvajal on April 3, 2020, finding "the requisite emergency . . . ." *Hallinan*, 2020 WL 3105094, at *9. Notably, the April 3 memorandum "had the effect of expanding the [BOP's] authority to grant home confinement to any inmate...." *Id*.

The Department of Justice ("DOJ") has recognized the unique risks posed to inmates and BOP employees from COVID-19. The DOJ recently adopted the position that an inmate who presents with one of the risk factors identified by the CDC should be considered as having an "extraordinary and compelling reason" warranting a

sentence reduction.  *See also* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I).

*United States v. Kess*, No. 14-cr-480-ELH, 2020 WL 3268093, at *3– 4 (D.Md. June 17, 2020) (footnote omitted).

The defendant argues that he meets the "extraordinary and compelling reasons" standard based on a potential medical condition (diabetes).  Specifically, Mr. Elem argues that there is a history of diabetes in his family and that his father died as a result of diabetes.  He then argues that he is not a danger because the guns found during the search were never used against anyone, that further incarceration is not necessary to protect the community, he has served half of his sentence, release would not diminish the seriousness of the offense, he has two suitable places to reside, has had not disciplinary infractions, has taken courses, and has a job reserved for him.

The government counters that Mr. Elem has failed to identify any reason to support compassionate release because there is no indication, never mind proof, that he suffers from diabetes.  He states that there is a family history, but not that he suffers himself.  It goes on to argue that he would be a danger if released and that the § 3553(a) factors weigh against immediate release.

The government is correct that Mr. Elem has not demonstrated extraordinary and compelling reasons for compassionate release. He apparently has received no diagnosis of diabetes, and his fear

of COVID is insufficient to meet the compassionate release standard.

Because Mr. Elem has not provided "extraordinary and compelling reasons" for compassionate release, the court ends its analysis without turning to the § 3553(a) factors. The motions for compassionate release will be denied. A separate order will be entered.

                                               /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge